```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
```

In re:                                                                  Case No. 18-00932-RNO
Mary Ellen Richardson                                                   Chapter 13
      Debtor                       **CERTIFICATE OF NOTICE**

District/off: 0314-5           User: PRatchfor            Page 1 of 2          Date Rcvd: Apr 11, 2018
                               Form ID: pdf002            Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 13, 2018.
```
db              +Mary Ellen Richardson,    1605 Roosevelt St.,    Dunmore, PA 18512-2226
5032057         +CFSI,   Real Estate Division,    245 N. Main St.,    Dickson City, PA 18519-1641
5032061        ++CONTINENTAL FINANCE COMPANY LLC,    PO BOX 8099,    NEWARK DE 19714-8099
                 (address filed with court:   Continental Finance,     P.O. Box 8099,    Newark, DE 19714-8099)
5032056         +Capital One,    PO Box 30285,    Salt Lake City, UT 84130-0285
5032058          Comenity Bank/Boscov's,    Bankruptcy Department,    P.O. Box 183043,    Columbus, OH 43218-3043
5032059          Comenity Bank/Fashion Bug,    Bankruptcy Department,    P.O. Box 182125,
                  Columbus, OH 43218-2125
5032060          Comenity Bank/Roaman's,    Bankruptcy Department,    P.O. Box 182125,    Columbus, OH 43218-2125
5032063         +Dunmore Borough Refuse,    400 S. Blakely St.,    Dunmore, PA 18512-2235
5032064        ++FIDELITY INFORMATION CORPORATION,    PO BOX 3963,    GLENDALE CA 91221-0963
                 (address filed with court:   Fidelity Information Corp.,     P.O. Box 49938,
                  Los Angeles, CA 90049)
5032065          First Premier Bank,    P.O. Box 5524,    Sioux Falls, SD 57117-5524
5032067         +KML Law Group, P.C,    Suite 5000, BNY Mellon Independence Ctr.,    701 Market St.,
                  Philadelphia, PA 19106-1538
5032068         +Law offices of Tullio DeLuca,    381 N. 9th Avenue,    Scranton, PA 18504-2005
5032069          Margaret E. Philbin,    401 Colburn Ave,    Clark Summit, PA 18411-1517
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5032062         +E-mail/PDF: creditonebknotifications@resurgent.com Apr 11 2018 19:13:01     CreditOne,
                  P.O. Box 98873,   Las Vegas, NV 89193-8873
5032066          E-mail/Text: cio.bncmail@irs.gov Apr 11 2018 19:15:48     Internal Revenue Service,
                  Special Procedures Branch,    PO Box 7346,    Philadelphia, PA 19101-7346
5032071         +E-mail/Text: bknotices@totalcardinc.com Apr 11 2018 19:16:05     Mid America Bank & Trust,
                  5109 S. Broadband Lane,    Sioux Falls, SD 57108-2208
5032072          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 11 2018 19:15:59     PA Dept. of Revenue,
                  Bankruptcy Division,   Dept. 280946,    Harrisburg, PA 17128-0496
5032073          E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 11 2018 19:13:12
                  Portfolio Recovery Associates LLC,     120 Corporate Blvd,    Norfolk, VA 23502
5032074          E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 11 2018 19:12:58
                  Portfolio Recovery Associates, LLC,    P.O. Box 41067,    Norfolk, VA 23541
5040371          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 11 2018 19:15:59
                  Pennsylvania Department of Revenue,     Bankruptcy Division PO Box 280946,
                  Harrisburg, PA 17128-0946
5032075          E-mail/Text: bnc-quantum@quantum3group.com Apr 11 2018 19:15:55
                  Quantum3 Group, LLC as agent for,    Comenity Bank,    P.O. Box 788,    Kirkland, WA 98083-0788
5032076          E-mail/Text: jennifer.chacon@spservicing.com Apr 11 2018 19:16:37
                  Select Portfolio Servicing,    3217 Decker Lake Dr,    West Valley City, UT 84119-3284
                                                                                              TOTAL: 9

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5032070*        +Mary Ellen Richardson,    1605 Roosevelt St.,    Dunmore, PA 18512-2226
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 13, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0314-5           User: PRatchfor            Page 2 of 2               Date Rcvd: Apr 11, 2018
                               Form ID: pdf002           Total Noticed: 22
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 11, 2018 at the address(es) listed below:

          Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
          James Warmbrodt    on behalf of Creditor   U.S. Bank, National Association, as Trustee for the Bear Stearns Asset Backed Securities Trust 2001-3, Asset-Backed Certificates, Series 2001-3 bkgroup@kmllawgroup.com
          Tullio DeLuca    on behalf of Debtor 1 Mary Ellen Richardson tullio.deluca@verizon.net
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov

                                                                           TOTAL: 4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | | CHAPTER 13 |
|---|---|---|
| MARY ELLEN RICHARDSON a/k/a Mary E. Richardson a/k/a Mary Richardson | | CASE NO. |
| | X | ORIGINAL PLAN |
| | __ | AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc) |
| | __ | Number of Motions to Avoid Liens |
| | 1 | Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

NOTICES

Debtors must check one box on each line to state whether of not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | * | Included | ☐ | Not Included |
|---|---|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ | Included | * | Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐ | Included | * | Not Included |
| | | | | | |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1.      **PLAN FUNDING AND LENGTH OF PLAN.**

A. **Plan Payments From Future Income**

1. To date, the Debtor paid $_____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $10,224.00, plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 04/2018 | 03/2021 | $284.00 | $0.00 | $284.00 | $10,224.00 |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | $10,224.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( X ) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

( ) Debtor is over median income. Debtor calculates that a minimum of $ 0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ 195,000.00 (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

____ No assets will be liquidated. *If this line is checked, the rest of §1.B need not be*

*completed or reproduced.*

  X   Certain assets will be liquidated as follows:

      Non-exempt proceeds from life insurance.

      Non- exempt proceeds from liquor license.

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____ from the sale of property known and designated as _____. All sales shall be completed by _____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

**2.** **SECURED CLAIMS.**

    **A.** **Pre-Confirmation Distributions.** *Check one.*

  X   None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

  \_\_\_   Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. If the Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| **Name of Creditor** | **Last Four Digits of Account Number** | **Estimated Monthly Payment** |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** Check One.

_X_ None. If "None" is checked, the rest of §2.B need not be completed or reproduced.

____ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| | | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** Check one.

_X_ None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

____ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Mortgage Service Center | 19 E. Charles St., Plains, PA 18705 | $15,000.00 | None | $0.00 |
| | | | | |
| | | | | |

**D. Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc.)**

    ____    None.  If "None" is checked, the rest of §2.D need not be completed or reproduced.

    __X__    The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 dates of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised.  If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Dunmore Borough Refuse | 1605 Roosevelt St., Dunmore, PA 18512 | $530.00 | None | $530.00 |
| PA Dept of Revenue | 1605 Roosevelt St., Dunmore, PA 18512 | $9,948.00 | 3% $289.00 | $10,415.00 |

**E.**    **Secured claims for which §506 valuation is applicable.**  Check one.

    ____    None.  If "None" is checked, the rest of §2.E need not be completed or reproduced.

    __X__ Claims listed in the subsection are debts secured by property not described in §2.D

of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extend or validity of the allowed secured claim for each claim listed below will be determined y he court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee tat the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| Select Portfolio Servicing | 1605 Roosevelt St., Dunmore, PA 18512 | $137,238.00 | 5% $10,835.00 | $148,073.00 | Plan |
| | | | | | |
| | | | | | |

**F. Surrender of Collateral**. Check one.

  X   None. If "None" is checked, the rest of §2.F need not be completed or reproduced.

  ___   The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |

**G. Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens. Check one.

  X   None. If "None" is checked, the rest of §2.G need not be completed or reproduced.

\_\_\_\_ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to §522(f) (this §should not be used for statutory or consensual liens such as mortgages).

| | | | |
|---|---|---|---|
| The name of the holder of lien. | | | |
| A description of the lien. For a judicial lien, include court and docket number. | | | |
| A description of the liened property. | | | |
| The value of the liened property | | | |
| The sum of senior liens | | | |
| The value of any exemption claimed. | | | |
| The amount of the lien. | | | |
| The amount of lien voided. | | | |

3. **PRIORITY CLAIMS.**

    A. **Administrative Claims**

        1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's Fees.</u> Complete only one of the following options:

           a. In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $3,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2( c); or

           b. $_____ per hour, with the hourly rate to be adjusted in

accordance with the terms of the written fee agreement between the Debtor ands the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

    __X__ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

    ____ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** Check one of the following two lines.

    ____ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

    __X__ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **Internal Revenue Service** | **$3,800.00** |
| **PA Dept of Revenue** | **$2,431.00** |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §506 (a)(1)(B).** Check one of the following two lines.

    __X__ None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

    ____ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision

requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. § 1322 (a)(4)).

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   ____ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

   | Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
   |---|---|---|---|---|
   |  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES. Check one of the following two lines.**

   __X__ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

   ____ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

   | Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
   |---|---|---|---|---|---|---|
   |  |  |  |  |  |  |  |

|   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |

**6.    VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   Check the applicable line:

   \_\_\_  plan confirmation.
   \_\_\_  entry of discharge.
    X    closing of case.

**7.    DISCHARGE: (Check one)**

   (X)   The debtor will seek a discharge pursuant to § 1328(a).
   ( )   The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8.    ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:        Adequate Protection Payments
Level 2:        Debtor's Attorney Fees
Level 3:        Domestic Support Obligations
Level 4:        Secured Claims, Pro Rata
Level 5:        Priority Claims, pro rata
Level 6:        Specially classified unsecured claims
Level 7:        Timely filed general unsecured claims
Level 8:        Untimely filed general unsecured claims to which Debtor has not objected

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Priority claims, pro rata.
Level 5:     Secured claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     Timely filed general unsecured claims.
Level 8:     Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:

| | |
|---|---|
| Chapter 13 Trustee | $ 15,800.00(est.) |
| Tullio DeLuca, Esq., | $ 3,000.00 |
| Select Portfolio Servicing | $148,073.00 (allowed secured claim) |
| PA Dept of Revenue | $ 10,415.00 (allowed secured claim) |
| Dunmore Borough Refuse | $ 530.00 (allowed secured claim) |
| Internal Revenue Service | $ 3,800.00 (priority claim) |
| PA Dept of Revenue | $ 2,431.00 (priority claim) |
| Unsecured Creditors-100% | $ 33,230.00 |
| Total: | $ 10,224.00 plus life insurance and liquor license proceeds |

\*\*\* Select Portfolio Servicing's mortgage matured in 2016. Debtor shall pay the balance of the mortgage in full through the Plan. The Debtor will utilize life insurance and liquor license insurance proceeds as result of her husband's death to pay the claim.

Debtor shall be responsible to pay real estate taxes and insurance directly on her residence during the term of the Plan.

The Chapter 13 Trustee payment shall be made to the following address:

> CHARLES J. DEHART, III, ESQ.
> P.O. BOX 7005
> LANCASTER, PA 17604

Dated: March 8, 2018   /s/Tullio DeLuca
                       Attorney for Debtor


                       /s/Mary Ellen Richardson
                       Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.