UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
MARY ELLEN RICHARDSON : CHAPTER 13
         Debtor. :
*************************************************************************
LBM SCRANTON, LLC :
         Movant, :
           :
vs. :
MARY ELLEN RICHARDSON : CASE NO. 5-18-00932
         Respondents. :
*************************************************************************

# DEBTOR'S ANSWER TO MOTION FOR RELIEF FROM
# AUTOMATIC STAY UNDER SECTION 362
*************************************************************************

AND NOW COMES, Mary Ellen Richardson, the Debtor, and files an Answer to LBM Scranton, LLC's Motion for Relief From the Automatic Stay:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied. The averments contained in Paragraph 4 of Movant's Motion are conclusions which require no response. In the event, a response is necessary the Debtor disputes the validity of the Judicial Tax Sale and strict proof is hereby demanded at trial.

5. Admitted.

6. Admitted.

7. Denied. Upon information and belief, the Debtor has no knowledge whether the Movant was successful and highest bidder at Judicial Tax Sale on March 24, 2014 and strict proof hereof is demanded.

8. Admitted in part, denied in part. It is admitted a Deed was recorded on June 2 2014 in Lackawanna County Recorder of Deed but Debtor does not admit to whether the Deed is an accurate description of the property owned by Debtor and strict proof hereof is demanded.

9. Denied. Debtor never received proper Notice of the Sale and Notice to Vacate and strict proof is hereby demanded at trial.

10. Denied. The averments contained in Paragraph 10 of Movant's Motion are conclusions or conclusion of law which require no response. In the event, a response is necessary the Debtor disputes the Praecipe is valid as the Debtor was involved in bankruptcy proceeding and any matters filed against the Debtor is void. Further, Movant has obligation and duty to determine whether Debtor filed bankruptcy prior to taking legal action against her.

11. Denied. The averments contained in Paragraph 11 of Movant's Motion are conclusions or conclusion of law which require no response. In the event, a response is necessary the Debtor and her undersigned bankruptcy counsel does not have any knowledge of any specific negotiations.

12. Denied. The averments contained in Paragraph 12 of Movant's Motion are conclusions or conclusion of law which require no response. In the event, a response is necessary the Debtor disputes the Complaint in Ejectment is valid as the Debtor was involved in bankruptcy proceeding and any matters filed against the Debtor is void.

13. Denied. The averments contained in Paragraph 13 of Movant's Motion are conclusions or conclusion of law which require no response and strict proof hereof is demanded.

14. Denied. The averments contained in Paragraph 14 of Movant's Motion are conclusions or conclusion of law which require no response. In the event, a response is necessary the Debtor disputes the Motion for Summary Judgment filed in Ejectment Action is valid as the Debtor was

involved in bankruptcy proceeding when the Complaint and any subsequent matters filed against the Debtor are void.

15. Denied. The averments contained in Paragraph 15 of Movant's Motion are conclusions or conclusion of law which require no response. In the event, a response is necessary the Debtor disputes the actions by the Sheriff Office to forcibly remove the Debtor were valid as the Debtor was involved in bankruptcy proceeding when the Complaint and any subsequent matters were filed against the Debtor are void.

16. Denied. The averments contained in Paragraph 16 of Movant's Motion are conclusions or conclusion of law which require no response and strict proof hereof is demanded

17. Denied. The averments contained in Paragraph 17 of Movant's Motion are conclusions or conclusion of law which require no response and strict proof hereof is demanded

18. Denied. The averments contained in Paragraph 18 of Movant's Motion are conclusions or conclusion of law which require no response and strict proof hereof is demanded

19. Denied. The averments contained in Paragraph 19 of Movant's Motion are conclusions or conclusion of law which require no response and strict proof hereof is demanded

20. Denied. The averments contained in Paragraph 20 of Movant's Motion are conclusions or conclusion of law which require no response and strict proof hereof is demanded

21. Denied. Upon information and belief, the Debtor was not aware that Movant was pursuing damages against her personally until recently, and therefore, did not realize she had to notify her bankruptcy counsel of the action. Further, the Debtor demands the members of the Movant to testify how it determined the Debtor was involved in this bankruptcy but had no knowledge of the previous bankruptcies filed by the Debtor and strict proof is hereby demanded at trial.

Case 5:18-bk-00932-RNO    Doc 39    Filed 08/30/18    Entered 08/30/18 11:49:16    Desc
Main Document    Page 3 of 8

22. Denied. Upon information and belief, the Debtor was not aware that Movant was pursuing damages against her personally until recently, and therefore, did not realize she had to notify her bankruptcy counsel of the action. Further, the Debtor demands the members of the Movant to testify how it determined the Debtor was involved in this bankruptcy but had no knowledge of the previous bankruptcies filed by the Debtor and strict proof is hereby demanded at trial.

23. Denied. The averments contained in Paragraph 23 of Movant's Motion are conclusions or conclusion of law which require no response and strict proof hereof is demanded Denied.

24. Denied. The averments contained in Paragraph 24 of Movant's Motion are conclusions or conclusion of law which require no response and strict proof hereof is demanded Denied. By way of further response, the Movant shall not be permitted to pursue Debtor personally on alleged pre-petition claim. The Movant is not requesting limited relief to pursue only insurance fund but rather attempting to pursue Debtor personally in violation of the Bankruptcy Code and Rules. The Debtor has now amended her schedules to list this potential creditor. At no time, did the Debtor actively attempt to conceal the listing of the Movant's claim as she was unaware of Movant intent to pursue damage claim until recently. The Movant has right to file Proof of Claim and Debtor and Trustee should have right to review and object if necessary to the Proof of Claim. Currently, the Plan is not confirmed and there is no harm or prejudice to the Movant at this time as it can participate and be included in any proposed distribution to allowed general unsecured claims.

25. Denied. The averments contained in Paragraph 25 of Movant's Motion are conclusions or conclusion of law which require no response and strict proof hereof is demanded Denied. By way of further response, the Movant shall not be permitted to pursue Debtor personally on alleged pre-petition claim. The Movant is not requesting limited relief to pursue only insurance fund

but rather attempting to pursue Debtor personally in violation of the Bankruptcy Code and Rules. The Debtor has now amended her schedules to list this potential creditor. At no time, did the Debtor actively attempt to conceal the listing of the Movant's claim as she was unaware of Movant intent to pursue damage claim until recently. The Movant has right to file Proof of Claim and Debtor and Trustee should have right to review and object if necessary to the Proof of Claim. Currently, the Plan is not confirmed and there is no harm or prejudice to the Movant at this time as it can participate and be included in any proposed distribution to allowed general unsecured claims.

26. Denied. The averments contained in Paragraph 26 of Movant's Motion are conclusions or conclusion of law which require no response and strict proof hereof is demanded Denied. By way of further response, the Movant shall not be permitted to pursue Debtor personally on alleged pre-petition claim. The Movant is not requesting limited relief to pursue only insurance fund but rather attempting to pursue Debtor personally in violation of the Bankruptcy Code and Rules. The Debtor has now amended her schedules to list this potential creditor. At no time, did the Debtor actively attempt to conceal the listing of the Movant's claim as she was unaware of Movant intent to pursue damage claim until recently. The Movant has right to file Proof of Claim and Debtor and Trustee should have right to review and object if necessary to the Proof of Claim. Currently, the Plan is not confirmed and there is no harm or prejudice to the Movant at this time as it can participate and be included in any proposed distribution to allowed general unsecured claims.

27. Denied. The averments contained in Paragraph 27 of Movant's Motion are conclusions or conclusion of law which require no response and strict proof hereof is demanded Denied. By way of further response, the Movant shall not be permitted to pursue Debtor personally on alleged pre-petition claim. The Movant is not requesting limited relief to pursue only insurance fund

but rather attempting to pursue Debtor personally in violation of the Bankruptcy Code and Rules. The Debtor has now amended her schedules to list this potential creditor. At no time, did the Debtor actively attempt to conceal the listing of the Movant's claim as she was unaware of Movant intent to pursue damage claim until recently. The Movant has right to file Proof of Claim and Debtor and Trustee should have right to review and object if necessary to the Proof of Claim. Currently, the Plan is not confirmed and there is no harm or prejudice to the Movant at this time as it can participate and be included in any proposed distribution to allowed general unsecured claims.

28. Denied. The averments contained in Paragraph 28 of Movant's Motion are conclusions or conclusion of law which require no response and strict proof hereof is demanded Denied. By way of further response, the Movant shall not be permitted to pursue Debtor personally on alleged pre-petition claim. The Movant is not requesting limited relief to pursue only insurance fund but rather attempting to pursue Debtor personally in violation of the Bankruptcy Code and Rules. The Debtor has now amended her schedules to list this potential creditor. At no time, did the Debtor actively attempt to conceal the listing of the Movant's claim as she was unaware of Movant intent to pursue damage claim until recently. The Movant has right to file Proof of Claim and Debtor and Trustee should have right to review and object if necessary to the Proof of Claim. Currently, the Plan is not confirmed and there is no harm or prejudice to the Movant at this time as it can participate and be included in any proposed distribution to allowed general unsecured claims.

29. Denied. The averments contained in Paragraph 29 of Movant's Motion are conclusions or conclusion of law which require no response and strict proof hereof is demanded Denied. By way of further response, the Movant shall not be permitted to pursue Debtor personally on alleged pre-petition claim. The Movant is not requesting limited relief to pursue only insurance fund

but rather attempting to pursue Debtor personally in violation of the Bankruptcy Code and Rules. The Debtor has now amended her schedules to list this potential creditor. At no time, did the Debtor actively attempt to conceal the listing of the Movant's claim as she was unaware of Movant intent to pursue damage claim until recently. The Movant has right to file Proof of Claim and Debtor and Trustee should have right to review and object if necessary to the Proof of Claim. Currently, the Plan is not confirmed and there is no harm or prejudice to the Movant at this time as it can participate and be included in any proposed distribution to allowed general unsecured claims.

    WHEREFORE, the Debtor respectfully requests that Movant's Motion for Relief from the Automatic Stay be denied.

Respectfully submitted,

Date: August 30, 2018     /s/Tullio DeLuca
Tullio DeLuca, Esquire
PA ID# 59887
381 N. 9th Avenue
Scranton, PA 18504
(570) 347-7764

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
MARY ELLEN RICHARDSON : CHAPTER 13
    Debtor. :
**************************************************************************
LBM SCRANTON, LLC :
    Movant, :
     :
vs. :
MARY ELLEN RICHARDSON : CASE NO. 5-18-00932
    Respondents. :

**************************************************************************
### CERTIFICATE OF SERVICE
**************************************************************************

The undersigned hereby certifies that on August 30, 2018, he caused a true and correct copy of

Debtor's Answer to LBM Scranton, LLC's Motion for Relief from the Automatic Stay to be served Via

First Class United States Mail, Postage Pre-paid in the above-referenced case, on the following:

    Charles J. DeHart, III, Esq. at dehartstaff@ramapo.com


    Jonathan Olivetti, Esq at jeo@olivettilawfirm.com



Dated: August 30, 2018                    /s/Tullio DeLuca
                                                     Tullio DeLuca, Esquire