UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: MARY ELLEN RICHARDSON | : | CHAPTER 13 |
| Debtor(s) | : | |
| | : | |
| CHARLES J. DEHART, III | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| MARY ELLEN RICHARDSON | : | |
| Respondent(s) | : | CASE NO. 5-18-bk-00932 |

## TRUSTEE'S MOTION TO CONVERT CASE

AND NOW, this 17th day of April, 2019, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, by his attorney, Agatha R. McHale, and files this Motion to Convert Case as follows:

1. This case was filed on March 8, 2018. On the same day, Debtor filed a Chapter 13 Plan that was to be funded by plan payments and non-exempt proceeds from life insurance and from the sale of a liquor license.

2. The Chapter 13 Plan was amended on June 5, 2018, and the Amended Plan is funded by plan payments and from the non-exempt proceeds of a life insurance policy and liquor license as aforesaid.

3. Trustee's Objection to the Amended Plan was filed on June 8, 2018, and on September 7, 2018, the Court sustained the Objection, and directed Debtor to file an amended plan in 30 days.

4. To date the Debtor has not filed an amended plan.

5. The last date to file claims in this case passed on September 4, 2018, and allowed unsecured claims total over $180,000.00.

6. To date, Debtor has made plan payments in the amount of $1,704.00. The delinquency amount is $1,136.00.

7. Trustee believes and therefore avers that Debtor was negotiating the sale of the liquor license with Sheetz in or about October of 2018, but no sale motion has been filed to date.

8. Further, Schedule A/B itemizes four (4) life insurance policies that may pay out up to $165,000.00, but to date, nothing has been paid to the Trustee.

9. Section 1307(c) of the Bankruptcy Code allows the Court to convert a case under Chapter 13 to a case under Chapter 7, after notice and hearing, for cause, including unreasonable delay by the Debtor that is prejudicial to creditors.

10. Trustee believes and therefore avers that the six months delay in filing an amended plan in this case is unreasonable and prejudicial to creditors, and that creditors will be best served by the appointment of a Chapter 7 Trustee who can liquidate estate assets in a timely fashion.

WHEREFORE, your Trustee respectfully prays this Honorable Court enter an Order converting the case.

Respectfully submitted:

Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Agatha R. McHale
Attorney for Trustee

# CERTIFICATE OF SERVICE

AND NOW, this 17th day of April, 2019, I hereby certify that I have served the within Motion by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Tullio DeLuca, Esquire
381 N. 9th Avenue
Scranton, PA   18504

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee