IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| MARY ELLEN RICHARDSON | : | CASE NO 5-18-00932 |
| Debtor | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>DEBTOR'S ANSWER TO LBM SCRANTON, LLC'S MOTION TO DISMISS OR ALTERNATIVELY, CONVERT CASE TO CHAPTER 7</u>**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AND NOW COMES, Mary Ellen Richardson, the Debtor, and files an Answer to LBM Scranton, LLC's Motion to Dismiss or alternatively Convert case to Chapter 7 and states the following:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied. The averments in Paragraph 4 of Movant's Motion are conclusions and strict proof hereof is demanded.

5. Denied. The averments in Paragraph 5 of Movant's Motion are conclusions and strict proof hereof is demanded.

6. Denied. The averments in Paragraph 6 of Movant's Motion are conclusions and strict proof hereof is demanded.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied. The averments in Paragraph 11 of Movant's Motion are conclusions and strict proof hereof is demanded.

12. Denied. The averments in Paragraph 12 of Movant's Motion are conclusions and strict proof hereof is demanded.

13. Denied. The averments in Paragraph 13 of Movant's Motion are conclusions and strict proof hereof is demanded.

14. Denied. The averments in Paragraph 14 of Movant's Motion are conclusions and strict proof hereof is demanded.

15. Denied. The averments in Paragraph 15 of Movant's Motion are conclusions and strict proof hereof is demanded.

16. Admitted.

17. Denied. The averments in Paragraph 17 of Movant's Motion are conclusions and strict proof hereof is demanded.

18. Denied. The averments in Paragraph 18 of Movant's Motion are conclusions and strict proof hereof is demanded.

19. Denied. The averments in Paragraph 19 of Movant's Motion are conclusions and strict proof hereof is demanded.

20. Denied. The averments in Paragraph 20 of Movant's Motion are conclusions and strict proof hereof is demanded.

21. Denied. The averments in Paragraph 21 of Movant's Motion are conclusions and strict proof hereof is demanded.

22. Denied. The averments in Paragraph 22 of Movant's Motion are conclusions and strict proof hereof is demanded.

23. Denied. The averments in Paragraph 23 of Movant's Motion are conclusions and

strict proof hereof is demanded.

24. Denied. The averments in Paragraph 24 of Movant's Motion are conclusions and strict proof hereof is demanded.

25. Denied. The averments in Paragraph 25 of Movant's Motion are conclusions and strict proof hereof is demanded.

26. Denied. The averments in Paragraph 26 of Movant's Motion are conclusions and strict proof hereof is demanded.

WHEREFORE, the Debtor respectfully requests that LBM Scranton, LLC's Motion to Dismiss or, convert case to Chapter 7 be denied.

Respectfully submitted,

Date: May 7, 2019

/s/Tullio DeLuca
Tullio DeLuca, Esquire
PA ID# 59887
381 N. 9th Avenue
Scranton, Pa 18504
(570) 347-7764

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| MARY ELLEN RICHARDSON | : | CASE NO 5-18-00932 |
| Debtor | : | |

*************************************************************************

**CERTIFICATE OF SERVICE**

*************************************************************************

The undersigned hereby certifies that on May 7, 2019, he caused a true and correct copy of Debtor's Answer to LBM Scranton, LLC's Motion to Dismiss or Convert case to Chapter 7 to be served via electronic filing in the above-referenced case, on the following:

Charles J. DeHart, III, Esq. at dehartstaff@ramapo.com

Jonathan Olivetti, Esq. at jeo@olivettilawfirm.com

Dated   May 7, 2019                               /s/Tullio DeLuca
                                                  Tullio DeLuca, Esquire